UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WILLIE EARL BROWN | CIVIL ACTION NO. 24-1641 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| CHRIS STINSON, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Plaintiff Willie Earl Brown, a prisoner at Madison Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately December 4, 2024, under 42 U.S.C. § 1983. He names the following defendants: Warden Chris Stinson and Brandon Potter.[1]

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

On March 18, 2025, the undersigned ordered Plaintiff to amend his Complaint, remedy certain deficiencies, and provide specific information. [doc. # 8]. The undersigned cautioned that the Court may dismiss Plaintiff's lawsuit if he failed to comply. *Id.* Plaintiff's deadline to comply passed, and to date Plaintiff has not filed an amended pleading.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Accordingly, **IT IS RECOMMENDED** that Plaintiff Willie Earl Brown's Complaint, [doc. # 1], be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996)**.

In Chambers, Monroe, Louisiana, this 19th day of May, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge